An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCIS JOHNSON,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF CORRECTIONS; THE STATE OF
NEVADA; DWIGHT NEVEN; AND
EMANUEL RASMUSSEN,
Respondents.

No. 60545

FILED

JUN 1 4 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying NRCP 60(b) relief in a contract action. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Respondents moved to dismiss appellant's complaint on the ground that he had failed to plead damages in excess of the $10,000 jurisdictional amount. *See* Nev. Const. art. 6, § 6; NRS 4.370(1)(b). When appellant failed to oppose respondents' motion, the district court dismissed appellant's complaint. Appellant then filed an NRCP 60(b) motion, seeking relief from the judgment on the ground that he never received notice of the scheduled hearing date for respondents' dismissal motion. The district court denied appellant's motion, and this appeal followed.

We review a district court's denial of an NRCP 60(b) motion for an abuse of discretion. *Kahn v. Orme*, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992). On appeal, appellant argues that NRCP 60(b) relief should have been granted because he was not afforded the opportunity to oppose

respondents' motion to dismiss.[1] Appellant's NRCP 60(b) motion failed, however, to provide any argument or additional factual allegations that could have served as a basis for meeting the $10,000 jurisdictional threshold.[2] Consequently, the district court was within its discretion to deny appellant's NRCP 60(b) motion, and we therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Valorie J. Vega, District Judge
     Francis James Johnson
     Attorney General/Carson City
     Eighth District Court Clerk

---

[1]Appellant acknowledges that he received a copy of respondents' motion to dismiss and that he did not file a written opposition to the motion.

[2]Appellant's proper person appeal statement likewise fails to do so.